

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00593-CV

_____

JUANITA BURCH AND WILLIAM BURCH, Appellants

V.

MCLP ASSET COMPANY, INC., SELENE FINANCE LP, AND HOMESTAR
GROUP, LLC, Appellees

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-350140-24

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

## I. INTRODUCTION

Following a nonjudicial foreclosure on their homestead, Appellants William and Juanita Burch[1] (collectively, the Burches) sued Appellees MCLP Asset Company, Inc. and Selene Finance LP for wrongful foreclosure. A jury found that MCLP and Selene had provided the Burches with the statutory and contractual notices of default required to foreclose, and the trial court rendered a take-nothing judgment.

The Burches challenge that judgment in five issues. In their second issue, the Burches maintain that there is legally insufficient evidence to support the jury's verdict that MCLP and Selene gave them statutory and contractual notices of default.[2] Because there is legally insufficient evidence that MCLP and Selene gave the Burches contractual notice of default, we will reverse and render judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, to purchase the couple's homestead, Juanita signed a thirty-year promissory note and deed of trust.[3] The deed of trust secured a lien on the home.[4]

---

[1]William and Juanita are husband and wife.

[2]Their other issues concern the applicability of the statute of limitations and the validity of the deed of trust under the Texas Constitution.

[3]William did not sign the note or the deed of trust.

[4]The deed of trust contained an acceleration clause. In the event of a breach, the deed of trust required the mortgage holder to give the Burches notice of intent to accelerate before accelerating the loan. The notice was required to specify (1) the

2

In February 2018, the Burches stopped making payments on the loan. Nationstar Mortgage LLC, the mortgage holder at the time, gave the Burches notice of default and notice of intent to accelerate in March 2019, and the loan was subsequently accelerated in May 2019.[5] In July 2022, MCLP acquired the loan from Nationstar and became the mortgage holder, and Selene began servicing the loan. In September 2022, MCLP abandoned Nationstar's acceleration of the loan.[6]

On August 10, 2023, and January 11, 2024, Selene gave the Burches notices of acceleration, advising them that "[p]ayment of the past due balance on the Debt ha[d] not been received by [Selene]" and that "[b]ecause of this default, [MCLP] ha[d] elected to ACCELERATE the maturity of the Debt." The January 11, 2024 notice included a notice of trustee's sale, which provided that the property was scheduled for nonjudicial foreclosure on February 6, 2024.

---

default; (2) the action required to cure the default; (3) a date, not less than thirty days from the date of the notice, by which the default had to be cured; and (4) that failure to cure the default on or before the date would result in acceleration of the loan.

[5]Nationstar also gave the Burches a "Notice of Substitute Trustee's Sale," which provided that the property was scheduled for nonjudicial foreclosure on June 4, 2019. But William sued to stop the foreclosure, and the sale did not occur.

[6]The jury found that MCLP had abandoned Nationstar's acceleration of the loan. *See* Tex. Civ. Prac. & Rem. Code §§ 16.035 (governing the four-year statute of limitations for suits to foreclose real property liens and for sales of real property under a power of sale in a mortgage or deed of trust and providing that upon expiration of the four-year period, the lien and power of sale become void), .038 (providing the mechanism for rescission or waiver of accelerated maturity date and providing that rescission restores the note as if no acceleration had occurred).

On February 6, 2024, the property was sold at a foreclosure auction to Homestar Group, LLC. Three days later, the Burches sued MCLP and Selene for wrongful foreclosure, alleging that MCLP and Selene had failed to provide them with the statutory and contractual notices of default required to foreclose.[7] The Burches maintained that the foreclosure was void, and they requested a judgment setting aside the foreclosure sale.

A jury trial was held on the wrongful-foreclosure claim.[8] The jury was asked, among other things, whether MCLP and Selene had provided the Burches, at any time between May 15, 2019, and August 1, 2023, with (1) statutory notice of default and (2) contractual notice of default. The jury answered "Yes" to both questions.

The Burches moved for judgment notwithstanding the verdict, maintaining that there was no evidence that MCLP and Selene had provided them with statutory or contractual notice of default and the opportunity to cure. The trial court denied the motion and signed a final judgment ordering that the Burches take nothing.

---

[7]The Burches subsequently amended their claims against MCLP and Selene, adding a declaratory judgment action and claims of trespass to try title, action to quiet title, negligence, emotional distress, and slander of title. The Burches also requested declaratory relief and a temporary injunction against Homestar. Homestar answered the suit and brought a crossclaim against MCLP and Selene.

[8]The trial court granted summary judgment in favor of MCLP and Selene on the Burches' other claims.

4

The Burches timely appealed the take-nothing judgment.[9]

## III. STANDARD OF REVIEW

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). In determining whether legally sufficient evidence supports the challenged finding, we must consider evidence favorable to the finding if a reasonable factfinder could, and we must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We indulge "every reasonable inference deducible from the evidence" in support of the challenged finding. *Gunn*, 554 S.W.3d at 658 (quoting *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017)).

When a party attacks the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, the party must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Cath.*

---

[9]The Burches filed a motion for new trial, which was overruled by operation of law.

*Diocese of El Paso v. Porter*, 622 S.W.3d 824, 834 (Tex. 2021). In reviewing a "matter of law" challenge, we must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). If no evidence supports the finding, then we will examine the entire record to determine if the contrary position is established as a matter of law. *Id.* We will sustain the issue only if the contrary position is conclusively established. *Id.* Evidence conclusively establishes a fact when the evidence leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019).

Anything more than a scintilla of evidence is legally sufficient to support a finding. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003). More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Gunn*, 554 S.W.3d at 658. On the other hand, no more than a scintilla exists when the evidence offered to prove a vital fact is so weak that it creates no more than a mere surmise or suspicion of its existence. *McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 397 (Tex. 2019).

## IV. DISCUSSION

In their second issue,[10] the Burches complain that there is legally insufficient evidence "to support the jury's finding that notice of default and notice of intent to accelerate were sent to the Burches." We agree.

### A. APPLICABLE LAW

To lawfully exercise an option to accelerate upon default provided by a note or deed of trust, the lender must give the borrower both notice of intent to accelerate—notice of default—and notice of acceleration, in the proper sequence. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) ("Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration."). "Both notices must be 'clear and unequivocal.'" *Id.* (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).

"[N]otice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate." *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987). In other words, the lender must give the notice of intent to accelerate first. *See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233–34 (Tex. 1982). This notice must afford the borrower an opportunity to cure the default

---

[10]The Burches raise five appellate issues, but as we will discuss below, their second issue is dispositive. Thus, we address it first. *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (instructing that "when a party presents multiple grounds for reversal of a judgment on appeal, the appellate court should first address those points that would afford the party the greatest relief").

and apprise her that failure to cure will result in acceleration of the note and foreclosure under the power of sale. *Id.* If the default has not been cured by the deadline established in the notice, the lender must then give notice of acceleration. *Id.*

Because a trustee's power to sell the property is derived from the deed of trust and statute, strict compliance with these requirements is considered a prerequisite to the trustee's right to make the sale. *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983). Noncompliance with these requirements can render a foreclosure sale void. *See Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942) (holding that a foreclosure sale is void ab initio when the conditions precedent to the trustee's power to sell are never fulfilled); *see also Villa v. Villa*, 664 S.W.3d 415, 417 (Tex. App.—Eastland 2023, no pet.).

## B. ANALYSIS

The Burches' petition alleged that MCLP and Selene had failed to give them contractual notice of default or notice of intent to accelerate pursuant to the deed of trust.[11]

---

[11]They also alleged that MCLP and Selene had failed to give them statutory notice of default pursuant to Texas Property Code Section 51.002(d). Section 51.002(d) provides that before sending a foreclosure notice, the mortgage servicer must first send a notice of default to a "debtor in default under a deed of trust":

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the

8

The deed of trust, in pertinent part, provides:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall . . . inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by the Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

As previously mentioned, the question of whether MCLP and Selene gave the Burches contractual notice of default was submitted to the jury, and the jury answered the question, "Yes."[12] But the Burches maintain that there is legally insufficient evidence to support the jury's answer, and MCLP and Selene do not cite to anything in the record that could suggest that they gave the Burches contractual notice of

---

> deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

Tex. Prop. Code § 51.002(d). We note that there is no evidence that MCLP and Selene gave the Burches written notice by certified mail stating that they were in default under the deed of trust. *See id.*

[12]The jury charge defined contractual notice of default in a way that tracked the language in the deed of trust:

> "Contractual notice of default" means a notice that specifies (a) the default that has occurred; (b) the action required to cure the default; (c) a date not less than 30 days later by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums due and sale of [the Burches' residence].

9

default pursuant to the deed of trust.[13]  During cross-examination at trial, MCLP and

Selene's representative seemingly conceded their failure to give notice of default:

> Q.  Okay. Now, the first I will ask you is:  Are you aware -- I'll call this a notice of default and opportunity to cure.
>
> Now, I'll just ask you this:  Are you aware of any notice of default or opportunity to cure that Selene ever sent to the Burches?

---

[13]Instead, MCLP and Selene assert that the jury's answers are immaterial to the judgment.  MCLP and Selene argue that "[t]he elements of wrongful foreclosure are (1) a defect in the foreclosure-sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Estate of Douglas v. Castillian Condominiums, Inc.*, No. 02-21-00321-CV, 2022 WL 4373603, at *5 (Tex. App.—Fort Worth Sep. 22, 2022, no pet.)  They maintain that the Burches failed to introduce any evidence that "either the Property sold at the Foreclosure Sale for a grossly inadequate selling price, or that there was a causal connection between the failure to provide notice of default and intent to accelerate and any such grossly inadequate selling price."

Here, the Burches' wrongful-foreclosure claim extended beyond a request for damages based on an inadequate selling price:  they asserted that the foreclosure was void due to a lack of contractual and statutory notices and requested a final judgment setting aside the foreclosure sale of the property.  A foreclosure sale not conducted in accordance with the terms of the deed of trust gives rise to a cause of action to set aside the sale and the resulting trustee's deed. *See University Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1983); *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (stating once foreclosure occurred, "available remedies for wrongful foreclosure are money damages or rescission of the sale"); *Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ("[F]ollowing a wrongful foreclosure sale conducted pursuant to a power of sale contained within a deed of trust, the mortgagor . . . may elect to:  (1) set aside the void trustee's deed; or (2) recover damages in the amount of the value of the property less indebtedness."); *see also BAPA Brooklyn 2004, LLC v. Michael A. & Maria D. Twiehaus Revocable Living Tr.*, No. 05-21-00180-CV, 2022 WL 2526975, at *2 (Tex. App.—Dallas July 7, 2022, no pet.) (stating plaintiffs' "suit to set aside the foreclosure sale" was "duplicative of their wrongful foreclosure claim").

A. That Selene sent?

Q. Yes.

A. No.

Q. Are you aware of any notice of default and opportunity to cure that MCLP ever sent the Burches?

A. No.

Indulging every reasonable inference deducible from the evidence and having examined the entire record, we conclude that there is no evidence that MCLP and Selene gave the Burches contractual notice of default between May 15, 2019, and August 1, 2023—or at any other time before accelerating the loan.[14]  *Gunn*, 554 S.W.3d at 658.  Accordingly, we hold that there is legally insufficient evidence to support the jury's finding that MCLP and Selene gave the Burches contractual notice of default.

We sustain the Burches' second issue.[15]

## C. REMEDY

The Burches pray that we reverse and render judgment declaring the foreclosure sale invalid and the substitute trustee's deed void.[16]  The legal

---

[14]Indeed, the record reflects that MCLP and Selene gave the Burches notice of acceleration during this period, but the same cannot be said for notice of default.

[15]Because this issue is dispositive, we need not reach the Burches' other appellate issues.  *See* Tex. R. App. 47.1.

11

consequence of a lender's failure to give notice of default is that the foreclosure is void ab initio as a matter of law. *See Slaughter*, 162 S.W.2d at 675; *see also Ortiz v. Nat'l City Home Loan Servs., Inc.*, 672 S.W.3d 455, 466 (Tex. App.—Houston [14th Dist.] 2023, pet. denied) (holding that where a foreclosure violated the terms of the deed of trust—because notices concerning acceleration had been sent to the wrong address—the substitute trustee's deed conveyed no interest); *Mathis v. DCR Mortg. III Sub I, L.L.C.*, 389 S.W.3d 494, 507 (Tex. App.—El Paso 2012, no pet.) (holding that where there was no notice of intent to accelerate and time to cure—and no effective waiver of that notice—the acceleration was void as a matter of law); *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 721 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) ("[S]ince the conditions and limitations on the trustee's power to convey the land were never fulfilled, such power never lawfully came into being, and the foreclosure sale and trustee's deed were therefore void.").

Because MCLP and Selene's notices of acceleration were not preceded by a notice of default—i.e., notice of intent to accelerate—we hold that the loan's acceleration was ineffective and, thus, the foreclosure was void as a matter of law. *See Slaughter*, 162 S.W.2d at 675; *Mathis*, 389 S.W.3d at 507.

---

[16]This prayer mirrors the relief requested in their motion for judgment notwithstanding the verdict.

## V. CONCLUSION

Having sustained the Burches' second issue, we reverse the trial court's judgment and render judgment setting aside the foreclosure sale. *See* Tex. R. App. P. 43.2(c); *see also Tamplen v. Bryeans*, 640 S.W.2d 421, 422 (Tex. App.—Waco 1982, writ ref'd n.r.e.) (rendering judgment and setting aside a foreclosure sale when there was not both notice of intent to accelerate and notice of acceleration); *Shearer v. Allied Live Oak Bank*, 758 S.W.2d 940, 943 (Tex. App.—Corpus Christi–Edinburg 1988, writ denied) (noting that because the foreclosure sale was void, the debt was revived and considered outstanding and that both parties assumed their original positions as borrower and lender).[17]

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 6, 2026

---

[17]The Burches have not made a mortgage payment in eight years. And although we are reversing MCLP's foreclosure—because the law requires that result—our holding neither condones the Burches' failure to pay nor condemns MCLP's decision to attempt foreclosure. Our judgment likewise does not preclude MCLP from pursuing a subsequent foreclosure—provided that it is preceded by proper notices of default and acceleration.

13